UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLACE SALES & CONSULTING, LLC,

        Plaintiff,

vs.

Case No. 15-10748
HON. GERSHWIN A. DRAIN

TUOPU NORTH AMERICA, LTD.,

        Defendant.
_____/

### ORDER DISMISSING ORDER TO SHOW CAUSE [#12] AND DENYING DEFENDANT'S REQUEST FOR DISMISSAL BASED ON *FORUM NON CONVENIENS*

On March 2, 2015, Plaintiff, Wallace Sales & Consulting, LLC, filed the instant action claiming that Defendant, Tuopo North America, Ltd., breached the parties' contract by failing to provide thirty (30) days written notice prior to terminating the parties' agreement, as well as by failing to pay post-termination sales commissions on all orders received through December 31, 2014.

In lieu of an Answer, Defendant filed a Motion for Summary Judgment.[1] Upon

---

[1] Defendant's mistakenly moves for summary judgment pursuant to Rule 12(b)(6). Summary Judgment is resolved pursuant to Rule 56 of the Federal Rules

-1-

its review of the parties' briefing on the Defendant's pending Motion for Summary Judgment, the Court discovered that a forum selection clause could impact the propriety of maintaining this action in the Eastern District of Michigan. Accordingly, on June 15, 2015, this Court issued an Order Requiring the Parties to Show Cause Why This Matter Should Not Be Dismissed for *Forum Non Conveniens.*

The parties submitted their Responses to this Court's June 15, 2015 Order. Upon review of their respective submissions, the Court concludes that the forum selection clause in the subject contract does not require that this lawsuit be filed in Ontario, Canada. Accordingly, Defendant's request for dismissal based on *forum non conveniens* will be denied.

"[T]he enforceability of [a] forum selection clause is governed by federal law." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). "Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 17 (1st Cir. 2009). Where the contract language "clearly and unambiguously provides that the courts of [a foreign state] are only one possible forum," the forum selection clause will be treated as permissive and not as mandatory. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 466 (6th

---

of Civil Procedure.

Cir. 2009).

Here, the contract states in relevant part:

**17.2 Selection of Forum and Choice of Law.**  This Agreement shall be interpreted solely in accordance with, and it shall in all respects be governed by, the law of the Province of Ontario, including laws or rules of court regarding the service of process.  The parties expressly consent to the jurisdiction of the courts of the Province of Ontario, in any action to enforce or interpret the terms of this Agreement.

*See* Dkt. No. 14, Ex. B.  This language does not require that litigation concerning a dispute arising from the parties' agreement occur exclusively in the Courts of Ontario.  As such, this clause is a permissive forum selection clause, rather than a mandatory forum selection clause.  *See* 14 Fed. Prac. & Proc. Juris.  § 3803.1 (4th ed.) ("Mandatory forum selection clauses contain clear language that litigation will proceed exclusively in the designated forum . . . . Permissive forum selection clauses, often described as "consent to jurisdiction" clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere.").

Each of the cases this Court referenced in its Order to Show Cause are distinguishable from the instant matter because in those cases the subject agreement contained a mandatory forum selection clause.  *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 2 (1972) ("Any dispute arising **must** be treated before the London Courts of Justice.")(emphasis supplied); *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 575 (2013) ("[A]ll disputes between the

parties '**shall** be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division.'") (emphasis supplied); *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 825 (6th Cir. 2009) ("The Terms and Conditions also provide that the agreement **shall** be governed by the laws of Gibraltar and any disputes shall be subject to the exclusive jurisdiction of the courts of Gibraltar.")(emphasis supplied)

Accordingly, because the Courts of Ontario, Canada are not the exclusive forum for disputes arising from the parties' contract, the Court need not enforce a permissive clause and dismiss this action based on the doctrine of *forum non conveniens.*

SO ORDERED.

Dated: June 29, 2015                              /s/Gershwin A Drain
                                                      GERSHWIN A. DRAIN
                                                     UNITED STATES DISTRICT JUDGE