UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLACE SALES & CONSULTING, LLC,

        Plaintiff,

v.

Case Number 2:15-cv-10748
Hon. Gershwin A. Drain

TUOPO NORTH AMERICA, LIMITED,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 12(B)(6) [#7]

### I.    INTRODUCTION AND FACTUAL BACKGROUND

On March 2, 2015, Plaintiff, Wallace Sales & Consulting, LLC, filed a Complaint alleging two counts against Defendant, Tuopu North America, Limited. Count one alleges breach of contract to pay sales commissions. Count two seeks declaratory judgment that Defendant is liable to pay sales commissions for the life of any purchase order obtained by Plaintiff as described in the contract (the "Agreement") between the parties. Plaintiff alleges that he was terminated by Defendant without cause. Thus, ¶ 14.1 of the Agreement states that Plaintiff is entitled to continuing sales commissions for all orders as described in the

1

Agreement, however Defendant has refused to pay the commissions to which Plaintiff is entitled.

Presently before the Court is Defendant's Motion for Summary Judgment pursuant to Rule 12(b)(6).[1] Defendant argues that the case herein should be dismissed for failure to state a viable claim. *See* Def.'s Mot. at 4. Defendant also requests that Ontario law be used when analyzing the issues at bar, citing ¶ 17.2 of the Agreement, "Selection of Forum and Choice of Law." *Id.*[2] Finally, Defendant argues that Plaintiff was actually terminated for cause, therefore ¶ 14.2, or the termination for cause provision of the Agreement should apply to the dispute and entitles Defendant to a partial refund of the commissions it has paid to Plaintiff.

In response, Plaintiff argues that dismissal is not appropriate because the pleading standard for a breach of contract claim has been met. *See* Plf.'s Resp. at 14. Plaintiff also relies on Ontario case law to demonstrate that the elements of a breach of contract claim are sufficiently stated in the complaint. *Id*. at 15.

For the reasons that follow, the Court will **DENY** Defendant's Motion.

---

[1] Federal Rule of Civil Procedure 12(b)(6) is the improper rule for seeking summary judgment on the merits of a dispute. Rule 12(b)(6) is a motion to dismiss based on the "failure to state a claim upon relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] Paragraph 17.2 of the Agreement mandates that Ontario law govern the resolution of the dispute herein. While procedural issues are determined under federal law, substantive issues must be analyzed under Ontario law. *See generally Hanna v. Plumer*, 380 U.S. 460 (1965). The parties are hereby on notice that they must submit to the Court all Canadian cases cited in their respective briefing.

## II. LAW AND ANALYSIS

**A. Defendant's Motion must be analyzed under Rule 12(b)(6)'s Failure to State a Claim Standard**

On April 28, 2015, Defendant filed a Motion for Summary Judgment Pursuant to Rule 12(b)(6). It is unclear whether Defendant intended the Court to analyze this motion under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) as a motion to dismiss, or under FRCP Rule 56, as a motion for summary judgment. Both parties cite the legal standard of review for Rule 12(b)(6) motions in their briefings. *See* Def.'s Mot. at 5; *see also* Plf.'s Resp. at 11. However, Defendant requests that the Court make conclusions on the merits of the claim, relying on evidence outside the four corners of the Complaint. Thus, the Court must determine whether this motion should be treated as a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment.

The Court will analyze Defendant's motion as a Rule 12(b)(6) motion to dismiss. Rule 12(d) of the Federal Rules of Civil Procedure allows the Court to convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. Rule 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Under this rule, it is within this Court's discretion whether to convert a motion to dismiss into a motion for summary judgment. Neither party invokes Rule 12(d) in order to convert this motion into a Rule 56 motion for summary judgment. Thus, if the court converted the present motion into one for summary judgment, it would be *sua sponte*.

While the Sixth Circuit allows conversion of a Rule 12(b)(6) motion into a Rule 56 motion, it requires district courts to proceed carefully when doing so. The Sixth Circuit has held that conversion into a Rule 56 analysis "should be exercised with great caution and attention to the parties' procedural rights." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009)(citing § 1366 Conversion of a Rule 12(b)(6) Motion into a Summary Judgment Motion, 5C Fed. Prac. & Proc. Civ. § 1366 (3d ed.)).

Parties also must be given adequate notice prior to converting a motion to dismiss into one for summary judgment. In *Tackett*, the court held that prior to conversion *sua sponte*, "the district court must afford the party against whom *sua sponte* summary judgment is to be entered ten-days notice and an adequate opportunity to respond." *Id*. (citing *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984)). In *Briggs*, the Sixth Circuit reversed the district court's decision to convert a Rule 12(b)(6) motion when it did not provide the plaintiff with a reasonable

4

opportunity to address a conversion to Rule 56. *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995).

Thus, the Court will not convert this motion to one for summary judgment because the parties have not been given adequate notice. As previously stated, while both parties use the phrase "motion for summary judgment," both parties also use a Rule 12(b)(6) motion to dismiss standard of review. Additionally, neither party asserts Rule 12(d) to convert the instant motion into one for summary judgment. Most notably, neither party meets or addresses the burden to succeed under a Rule 56 analysis, specifically whether there are genuine issues of material fact. *See generally Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). Neither party has been notified of a possible Rule 56 conversion until Rule 12(d). Therefore, conversion to a motion for summary judgment is inappropriate and the Court will analyze the motion under Rule 12(b)(6) as a motion to dismiss for failure to state a claim.

**B. Plaintiff's Complaint survives a Motion to Dismiss under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502

F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

The Court will find in favor of Plaintiff, and deny Defendant's Rule 12(b)(6) motion. Plaintiff sufficiently states a claim on which relief can be granted. The choice of law agreed to by the parties is Ontario Law. *See* Compl., Ex. A, ¶ 17.2. Under Ontario law, a viable breach of contract claim requires "the particulars of the alleged contract including the terms, the nature of the alleged breach, causation and damages that are alleged to have flowed from the breach." *McCarthy Corp. PLC v. KPMG LLP* (2006), O.J. No. 1492, para. 41(Can. Ont. Supreme Ct. of Justice). Ontario common law holds that "the court must accept the facts alleged in the statement of claim as proven unless they are patently ridiculous or incapable of

proof, and must read the statement of claim generously with allowance for inadequacies due to drafting deficiencies." *Falloncrest Financial Corp. v. Ontario* (1995), 27 O.R. 3d 1 (Ont. C.A.); *see also Seale & Assoc. Inc. v. Vector Aerospace Corp.* (2007), O.J. No. 1192, para 13 (Can. Ont. Supreme Ct. of Justice).

In the case herein, Plaintiff alleges that Defendant has failed to pay the sales commissions due to Plaintiff pursuant to ¶ 14.1 of the Agreement. *See* Compl., ¶ 10. Specifically ¶ 14.1 states:

> 14.1 In the event Principal terminates this Agreement without cause, or Agent terminates this agreement for cause pursuant to paragraph 13(b)(i-iv) hereof, Principal will pay Agent post-termination commissions, in the amount and at the time set forth in Paragraph 12 hereof, on all Orders: (i) obtained by Agent and placed with Principal prior to the effective date of termination of this Agreement; and (ii) quoted by the Agent and placed with Principal during the shortest in duration of either the period of twelve (12) months following the effective date of termination of this Agreement or until the end of the contract term.

Plaintiff also claims that Defendant has refused to pay commissions on all orders obtained by Plaintiff prior to the effective date of termination. *See* Compl., ¶12; *see also* Plf.'s Resp. at 17. In addition, Defendant has not paid commissions on orders quoted by Plaintiff and placed with Defendant during the shortest in duration of, either the period of twelve months following the effective date of termination of the Agreement, or until the end of the contract term. *Id*. Finally, Plaintiff alleges that as a "proximate result of the breach of the Agreement" by Defendant,

"Plaintiff has been damaged in an amount in excess of $1 million." Compl., ¶ 13; *see also* Plf.'s Resp. at 17.

Ontario common law holds that the claim must be accepted unless it is "patently ridiculous or incapable of proof." *See Falloncrest*, 27 O.R. 3d 1. Applying this standard, the court must accept the facts of Plaintiff's allegations. Plaintiff has sufficiently set forth the elements of a breach of contract claim against Defendant, including the "particulars of the alleged contract, including the terms, the nature of the alleged breach, causation and damages . . . ." *McCarthy Corp. PLC v. KPMG LLP* (2006), O.J. No. 1492, para. 41(Can. Ont. Supreme Ct. of Justice). As such, this aspect of Defendant's present motion will be denied.

## C. Defendant's Request to Dismiss Plaintiff's Declaratory Judgment Claim is Premature

The Court will not dismiss Plaintiff's request for declaratory judgment at this stage of the proceedings. Defendant's sole argument for dismissing this claim is that "[c]anadian courts are reluctant to make declaratory judgments except where such requested relief meets a strong evidentiary threshold supported by live testimony." Def.'s Mot. at 6-7. It remains unknown whether Plaintiff can present evidence to prove entitlement to declaratory relief and it is premature to conclusively rule on this issue at this stage of the proceedings.

The Court notes that Plaintiff responds that he has properly asserted a claim for declaratory judgment; however Plaintiff relies on case law from this Circuit,

8

rather than Ontario law. *Bucksnort Oil Co., Inc. v. Nat'l Convenience Stores, Inc.*, 585 F.Supp. 883, 887 (M.D. Tenn. 1984) (citing 5 Wright & Miller, *Federal Practice & Procedure* 203 (1969) (holding that a plaintiff must "allege a justiciable controversy that is a dispute over some legal right, relation or interest between the plaintiff and defendant."). The Court further notes that there is Ontario law suggesting that courts may "refuse to grant a declaratory judgment where an alternative, more appropriate, process or remedy is available." *T1T2 Limited Partnership v. The Queen in Right of Canada,* 23 O.R. (3d) 81, 86 (Ont. Ct. (Gen. Div.) 1995) (citing *Terrasses Zarolega Inc. v. Olympic Installations Board*, [1981] 1 S.C.R. 94, 124 D.L.R. (3d) 204; *Kourtessis v. M.N.R.*, [1993] 2 S.C.R. 53 at pp. 85 and 87, 14 C.R.R. (2d) 193).

However, Defendant's argument concerning Plaintiff's request for declaratory relief is more appropriate for a Rule 56 motion or after a trial in this matter. As such, the Court declines to grant this aspect of Defendant's present motion.

**D. Defendant's Request for Judgment in its Favor Based on Purported Termination for Cause is Without Merit**

The Court notes that in its motion under Rule 12(b)(6), Defendant argues that Plaintiff's termination was actually for cause, rather than without cause. *See* Def.'s Mot. at 13. Specifically, Defendant contends that Plaintiff was terminated for his poor interpersonal skills. Thus, Defendant maintains that ¶ 14.2 of the

Agreement applies and entitles Plaintiff only to commissions for one month post-termination. *See* Compl., Ex. A, ¶ 14.2. Defendant claims that it has overpaid Plaintiff in the amount of $225,031.06. Defendant requests that the Court enter judgment in its favor in this amount.

Here, Defendant has essentially requested judgment in its favor without filing a Counterclaim. Contrary to Defendant's argument, a counterclaim cannot be asserted within a motion to dismiss. *See* Def.'s Reply Br. at 4 ("Indeed, Tuopo's motion and brief in which it asserts its valid counterclaim adequately sets forth the counterclaim, and Tuopo's pleading thereof meets all requirements of the Federal Rules of Civil Procedure."). Defendant cites to Rule 13 of the Federal Rules of Civil Procedure, which does not support its contention. Rule 13 states that "[a] **pleading** may state as a counterclaim against an opposing party any claim that is not compulsory." Fed. R. Civ. P. 13(b) (emphasis supplied). A motion is not a pleading. Defendant provides no authority for its argument that it has properly asserted a counterclaim before this Court. As such, Defendant's contention that this Court is empowered to enter judgment in its favor based on purported overpayment of sales commissions is wholly without merit. The Court likewise declines to grant this aspect of Defendant's present motion.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment Pursuant to Rule 12(b)(6) [#7] is DENIED.

SO ORDERED.


Dated: July 24, 2015                    /s/Gershwin A Drain
                                        GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE