UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLACE SALES &
CONSULTING, LLC,

        Plaintiff,

                                  Case No.: 2:15-cv-10748
v.                                   Honorable Gershwin A. Drain

TUOPU NORTH AMERICA,
LIMITED,

        Defendant.
_____/

### ORDER DENYING DEFENDANT TUOPU NORTH AMERICA LIMITED'S MOTION FOR RECONSIDERATION [#101]

On October 3, 2016, this Court entered an Order denying Defendant/Counter-Plaintiff Tuopu North America's ("TNA") Motion to Amend its Counter-Complaint and Implead James Wallace ("Wallace") as a Third Party Defendant. *See* Dkt. No. 97. The Court denied TNA's Motion to Amend its Counter-Complaint because of TNA's undue delay in requesting the amendment and the significant prejudice that Plaintiff Wallace Sales & Consulting, LLC ("WSC") and Wallace would suffer if an amendment were granted at such a late stage in the litigation. Lastly, the Court also found that TNA's proposed

counterclaims were futile because they were barred by the applicable statute of limitations, among other reasons.

Presently before the Court is TNA's Motion for Reconsideration, filed on October 17, 2016. TNA argues that this Court must reconsider its decision denying its request for an amendment because the proposed claims are valid and brought well within the statute of limitations. TNA also disputes this Court's conclusion that WSC and Wallace will be substantially prejudiced by an amendment. Upon consideration of the arguments presented by TNA, the Court will deny its Motion for Reconsideration.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been

argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

TNA first argues that the applicable statute of limitations does not bar its claims because Wallace concealed "his fraud throughout Plaintiff's entire relationship with Tuopu." Mot. Recon. at 4. However, a review of TNA's proposed amended Counter-Complaint reveals that there are no allegations supporting a claim for fraudulent concealment. Michigan Compiled Laws § 600.5855 states in relevant part:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim . . . from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, *or should have discovered*, the existence of the claim . . . although the action would otherwise be barred by the period of limitations.

MICH. COMP. LAWS § 600.5855 (emphasis supplied). The elements of fraudulent concealment are: "(1) wrongful concealment of his actions by the defendant; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 851 (6th Cir. 2006).

3

TNA's proposed counterclaim is devoid of any facts suggesting it exercised due diligence before its discovery of the alleged fraud. It apparently failed to confirm Wallace's degree from Lawrence Technological University. Nor did it contact any of Wallace's previous employers to ascertain whether those positions required a mechanical engineering degree. Rather, it seems that TNA equates fraudulent concealment with "confidently approach[ing] Tuopu as an experienced candidate who held jobs that seemed to require an engineering degree." Mot. Recon. at 5. Even if these facts amounted to fraudulent concealment, which they do not, these allegations are absent from TNA's proposed Counter-Complaint.

TNA's discussion of resume fraud and the "after-acquired evidence" doctrine should have been raised during its original briefing on this issue. A motion to reconsider "is not properly used as a vehicle to . . . advance positions that could have been argued earlier but were not." *Mount Pleasant Pub. Sch.*, 298 F. Supp. at 637. The "after-acquired evidence" doctrine is used when a plaintiff brings an unlawful discharge lawsuit and "the defendant finds evidence of wrongdoing, such as resume fraud, such that the defendant would have either fired or failed to hire the plaintiff had it found the evidence earlier." *Moos v. Square D. Co.*, 72 F.3d 39, 43 (6th Cir. 1995). In any event, application of the after-acquired evidence doctrine to this case is misplaced pursuant to *McKennon v. Nashville Publishing Co.*, 513 U.S. 352 (1995), which limited the doctrine's application.

4

Under *McKennon*, wrongfully discharged employees cannot obtain certain remedies such as reinstatement or front pay, but may receive back pay. *Id.* As such, the after-acquired evidence doctrine is inapplicable here since WSC is not seeking reinstatement or front pay.

Accordingly, TNA cannot rely on purported fraudulent concealment to avoid the statute of limitations bar to its proposed fraud based claims. Wallace sent his resume eleven years prior to TNA seeking to sue on its claim. Similarly, the parties' contractual relationship began nine years before TNA's proposed amendment. Both dates are well beyond the applicable six year statute of limitations for fraud claims. MICH. COMP. LAWS § 600.5813. Therefore, TNA fails to demonstrate a palpable defect the correction of which will result in a different disposition concerning the futility of TNA's fraud based claims.

Moreover, even if TNA's claims were not barred by the applicable statute of limitations, leave to amend was properly denied based on TNA's undue delay and the substantial prejudice to WSC and Wallace that would inevitably result from an amendment at this late stage in the litigation. TNA waited eight months between discovering Wallace did not have an engineering degree and moving for an amendment to its Counter-Complaint. At the time TNA filed its motion to amend, discovery cut-off had been extended four times and it was set to expire in a little more than thirty days. As such, resolution of TNA's motion would not occur prior

5

to the expiration of the discovery cut-off.  This Court's scheduling order states in relevant part: "Discovery shall be completed on or before the date set forth in the scheduling order.  The court will not order discovery to take place subsequent to the discovery cutoff date."  Dkt. No. 61 at 2.  Thus, this Court did not commit palpable error when it concluded TNA cannot demonstrate it timely moved for the amendment to its counterclaim.

Lastly, TNA continues to argue that WSC and Wallace will not suffer substantial prejudice if an amendment is granted.  These arguments have already been considered and rejected by this Court.  TNA seeks to bring six new claims against either WSC or Wallace or both.  These claims stem from different theories as those that have been present from the outset of this matter.  As such, WSC and Wallace will have to re-depose at least two individuals and depose up to six more individuals, as well as serve additional discovery requests.  Prejudice is not merely a "possibility" as TNA claims, but a reality.

For the foregoing reasons, TNA's Motion for Reconsideration [#101] is DENIED.

SO ORDERED.

Dated:  November 4, 2016  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

6

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 4, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk