UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLACE SALES & CONSULTING, LLC,

    Plaintiff/Counter Defendant,

v.

TUOPU NORTH AMERICA, LIMITED,

    Defendant/Counter Claimant.
_____/

Case No. 15-cv-10748

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S EXPERT WITNESS [102]**

### I. INTRODUCTION

On March 2, 2015, Wallace Sales & Consulting, LLC ("Plaintiff") filed a Complaint and Demand for Trial by Jury against Tuopu North America, Limited ("Defendant"), alleging breach of contract and seeking a declaratory judgment. See Dkt. No. 1. On August 7, 2015, Defendant asserted a counterclaim against Plaintiff for Unjust Enrichment/Quantum Meruit. Dkt. No. 21, pp. 3–4 (Pg. ID No. 506–07). Plaintiff amended its complaint on August 28, 2015. Dkt. No. 28.

Presently before the Court is Plaintiff's Motion to Exclude Defendant's Expert Witness, filed on October 19, 2016. Dkt. No. 102. Defendant responded on November 2, 2016, Dkt. No. 111, and Plaintiff replied on November 10, 2016, Dkt. No. 116.

-1-

For the reasons discussed herein, the Court will **DENY** Plaintiff's Motion to Exclude Defendant's Expert Witness [102].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Sixth Circuit has interpreted Rule 37(c)(1) to "require[] absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.' " *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance, by & Through Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999)).

"Although exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), Rule 37(c)(1) provides the district court with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.' " *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting FED. R. CIV. P. 37(c)(1)). "Harmless" has been interpreted to mean "an honest mistake on the part

of a party coupled with sufficient knowledge on the part of the other party." *Id*. (quoting *Vance*, 182 F.3d 920, at *5).

To assess whether a party's omitted or late disclosure is "substantially justified" or "harmless," the Sixth Circuit has adopted a five-factor test: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id*. at 747–48 (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

### III. DISCUSSION

**A. Challenge to Defendant's Expert Witness Under Rule 37**

In Plaintiff's motion seeking to exclude Defendant's expert, Plaintiff seeks an order striking Defendant's proposed expert witness, Mr. Thomas Frazee, because Defendant's disclosures regarding Mr. Frazee were untimely and incomplete. Dkt. No. 102, p. 1 (Pg. ID No. 2669).

This case is scheduled to begin trial on the morning of Tuesday, December 13, 2016. Pursuant to Federal Rule of Civil Procedure 26, parties were to exchange expert witness disclosures "at least 90 days before the date set for trial or for the case to be ready for trial." FED. R. CIV. P. 26(a)(2)(D)(i). In this case, that date was

September 14, 2016. Disclosures "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" are due within 30 days after the other party's disclosure. FED. R. CIV. P. 26(a)(2)(D)(ii). Accordingly, disclosures regarding any expert witness to be called in rebuttal to Plaintiff's expert witness were due by October 14, 2016.

Defendant initially disclosed its expert witness in a court filing on February 18, 2016. Dkt. No. 41, p. 3 (Pg. ID No. 661). Defendant also asserts that Mr. Frazee attended the parties' mediation session before mediator Gene Esshaki on July 20, 2016. Dkt. No. 111, p. 3 (Pg. ID No. 2904). Nevertheless, Defendant did not provide a copy of its proposed expert witness's report to Plaintiff until November 2, 2016, 49 days after the primary expert witness disclosure deadline and only approximately 40 days before the trial date.

After weighing the five factors adopted in *Howe*, the Court finds that preclusion ought not occur, although remedial measures at Defendant's expense are necessary.

First, the Court assesses the surprise to Plaintiff, against whom the evidence is offered. The surprise in this case arises not from the identity of the expert witness, which was disclosed in February 2016, but from the opinions offered by Defendant's expert, which were not shared until November 2, 2016. Plaintiff does

not contend that Defendant's expert witness report was deficient in form or failed to supply all of the information required by Rule 26(a)(2)(B).

Second, the Court considers the ability to cure the surprise. Defendant's expert's report has been recently shared and there are still several weeks in which Plaintiff can depose Defendant's expert, in order to cure the surprise resulting from the expert's newly disclosed opinions. Thus, although the time from disclosure to deposition before trial is short, it affords Plaintiff an opportunity, albeit a short one, to examine Mr. Frazee on the content of his report at a deposition.

Third, the Court evaluates the extent to which allowing the evidence would disrupt the trial. No disruption of trial has resulted, or will result, from the late disclosure in this case. If Plaintiff needs to take additional steps to remedy any lingering uncertainty it may have in addressing Mr. Frazee's testimony at trial, there is still time to take those steps before the scheduled trial date.

Fourth, the Court reviews the importance of the evidence. Defendant argues that "[i]t is extremely important that Defendant be given an opportunity to present its own evidence to counter Plaintiff's claims for damages." Plaintiff counters that the "vast majority of Tuopu NA's proposed expert witness' report is addressed to damages claims that Wallace Sales has no intention of raising." Dkt. No. 116, p. 6 (Pg. ID No. 3110). Because the amount of damages is an essential element to the

case, omitting evidence as to damages could compromise the balance of the trial presentations.

And fifth, the Court examines Defendant's explanation for its failure to timely disclose the evidence. Defendant asserts two arguments for why its late disclosure was justified and/or harmless. First, Defendant claims that Plaintiff did not provide adequate information regarding its claim for damages to which Defendant's expert could respond. Dkt. No. 111, p. 3 (Pg. ID No. 2904). This first claim lacks merit because Defendant acknowledged receipt of damages information from Plaintiff in March 2016, and it was that same information upon which Defendant's expert relied in his expert witness report. *See* Dkt. No. 111-2, p. 3 (Pg. ID No. 2917) ("This report contains my opinions regarding the unpaid commission damages claimed by plaintiff Wallace Sales & Consulting, LLC ("Wallace") in the referenced matter, as described in the spreadsheet document produced on or around March 4, 2016 ("Plaintiff's Damage Claim")."); Dkt. No. 116, p. 3 (Pg. ID No. 3107). There are only two documents listed in the expert's report of "Documents Relied On" that may have caused difficulty in timely submission of the expert report—a Plaintiff's interrogatory response dated September 14, 2016 and "[s]ales data produced by Tuopu to Wallace with sales volumes through September 30, 2016"—and Defendant has not argued that these documents caused it to miss the deadline. *See* Dkt. No. 111-2, p. 16 (Pg. ID No.

2930). Defendant goes on to argue that the report was delayed because Defendant could not depose Plaintiff's expert, Terrence Barr, until October 28, 2016. Dkt. No. 111, p. 8 (Pg. ID No. 2909). Defendant's expert did not list Mr. Barr's deposition as a document that he relied on, and as such, it provides no basis for the delayed production of the expert report. *See* Dkt. No. 111-2, p. 16 (Pg. ID No. 2930). Defendant has provided no information that supports that Plaintiff is to blame for Defendant's failure to submit its expert witness report on time. Accordingly, Defendant was not justified for the tardy submission of its expert report.

Next, Defendant argues that the failure to disclose its expert report was harmless because it was an "honest mistake resulting from a computer error in defense counsel's docketing system." Dkt. No. 111, p. 8 (Pg. ID No. 2909). It is peculiar that Defendant waited until November 2, 2016 to rectify this "honest mistake" by providing a copy of its proposed expert witness's report to Plaintiff, who filed this motion addressing the error two weeks prior.

Considering all of the relevant factors, the late disclosure of Defendant's expert report was somewhat harmless. Mr. Frazee's testimony will not be excluded on that basis. Any potential harm can be ameliorated by Defendant making Mr. Frazee available to Plaintiff before trial for a deposition at a time and place that is mutually agreeable to the parties. Defendant must bear the expenses of that deposition, including the professional fees of Mr. Frazee and any travel expenses

-8-

for Plaintiff's counsel. The Court will also impose a sanction of $1,000 in attorney fees, to be paid by Defendant to Plaintiff, for Defendant's failure to comply with Rule 26.

### IV. CONCLUSION

For the reasons stated herein, the Court will **DENY** Plaintiff's Motion to Exclude Defendant's Expert Witness [102].

IT IS SO ORDERED.

Dated:     November 21, 2016

                                                  <u>s/Gershwin A. Drain</u>
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge