UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALLACE SALES & CONSULTING, LLC,

    Plaintiff/Counter Defendant,

           v.

TUOPU NORTH AMERICA, LIMITED,

    Defendant/Counter Claimant.

_____/

Case No. 15-cv-10748

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO ADJOURN TRIAL [113] AND DENYING DEFENDANT'S MOTION TO CERTIFY ORDER DENYING LEAVE TO AMEND FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS [117]**

**I. INTRODUCTION**

The present case was filed on March 2, 2015, Dkt. No. 1, and originally scheduled to go to trial in October 2016, Dkt. No. 32. In March 2016, the Court granted the parties an extension of the time frame for scheduling, moving the trial date to December 2016. *See* Dkt. No. 45. Parties were granted yet another scheduling extension in May 2016, although the trial date remained in mid-December. Dkt. No. 57. In June 2016, the Court amended the scheduling order again and set a trial date for December 13, 2016. Dkt. No. 61. For the last five months this trial date has remained with the recognition that it will not be extended or adjourned. *See* Dkt. No. 73, p. 2 (Pg. ID No. 1466) ("**IT IS FURTHER ORDERED** that the **discovery deadline is hereby extended through September**

**30, 2016**, with the parties' recognizing that this adjournment **will not** extend the December 13, 2016 trial date.").

In the past two weeks, Defendant has filed several motions seeking to delay the trial date. Defendant has requested a 90-day adjournment, Dkt. No. 113, sought permission for an interlocutory appeal and stay of proceedings, Dkt. No. 117, and recently filed a motion to strike Plaintiff's expert witness based on reports submitted over two months ago, Dkt. No. 119. Plaintiff has not concurred in any of Defendant's motions to postpone trial.

For the reasons discussed herein, the Court will **DENY** Defendant's Motion to Adjourn Trial [113] and **DENY** Defendant's Motion to Certify Order Denying Leave to Amend for Interlocutory Appeal and for Stay of Proceedings [117].

## II. DISCUSSION

### A. Motion to Adjourn Trial

Defendant moves the Court to adjourn the trial date pursuant to E.D. Mich. L.R. 40.2 and Fed. R. Civ. P. 16(b)(4). Dkt. No. 113, p. 2 (Pg. ID No. 3014). Defendant contends that the trial date should be postponed at least ninety (90) days for the following reasons: (1) Plaintiff filed a Motion to Strike Defendant's Expert Witness on October 19, 2016, because Defendant did not timely disclose their expert's report, and the fact that the matter has not yet been resolved negatively

impacts Defendant's ability to prepare for trial; (2) Defendant deposed Plaintiff's expert witness on October 20 and October 28, and seeks to identity a rebuttal expert witness to analyze data, although the period in which to identify a rebuttal expert witness passed in mid-October; and (3) the parties will be engaging in a mediation session on November 29, 2016, before mediator Gene J. Esshaki and Defendant believes that adjournment would make the parties more likely to reach a resolution.

Plaintiff opposes the motion for adjournment because it believes that Defendant's goal in adjourning the trial date is to render its late-disclosed expert witness report timely, and to provide Defendant additional time in which to retain a rebuttal expert witness. Dkt. No. 118, pp. 9–10 (Pg. ID No. 3219–20). Defendant replies that allowing trial to proceed would reward Plaintiff for "dilatory tactics" in discovery. Dkt. No. 121, p. 5 (Pg. ID No. 3559).

Local Rule 40.2 states:

> Counsel or any party without counsel shall be prepared and present themselves as ready in all cases set for trial or for pretrial on the date set unless, on timely application and good cause shown, the cases are continued. Where application is made for the continuance of the trial of a case, such application shall be made to the Court as soon as the need arises.

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "A court asked to modify a scheduling order for good cause 'may do so only if [a deadline] cannot reasonably

be met despite the diligence of the party seeking the extension.' " *Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). An "important consideration for a district court deciding whether Rule 16's good cause standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (internal quotation marks omitted).

The Court will not grant Defendant's request for an adjournment of the trial date. The Court finds that the parties should be able to prepare for the trial date, which has been scheduled for many months, if they exercise the ordinary amount of diligence expected of all attorneys appearing before this Court. The Court further finds that Plaintiff would be prejudiced from having yet another extension granted in this case. Such a decision is fully within the Court's "broad discretion to enforce [its] scheduling orders." *Estes v. King's Daughters Med. Ctr.*, 59 F. App'x 749, 752 (6th Cir. 2003).

First, the Court does not find that the November 29, 2016 date for mediation in the case constitutes "good cause" for adjourning the trial date. Plaintiff originally filed the instant case in state court in March 2015 and Defendant has been aware of the of the approximate trial date since the March 14, 2016 Stipulated Order. Dkt. No. 45. The parties have engaged in facilitative mediation two prior times with Gene Esshaki acting as the facilitator. Plaintiff alleges that the July

-4-

2016 mediation was adjourned so that Defendant could provide updated sales information to Plaintiff. Dkt. No. 118, p. 18 (Pg. ID No. 3228). The rescheduled session in August 2016 was allegedly cancelled because Defendant failed to provide this updated information. *Id*. Furthermore, the Court does not agree that the instant claims going to trial involves issues so "complex" that the parties could not adequately negotiate a possible settlement in the time between the mediation and the trial date. *See Watson v. Trevino*, No. 05-CV-74043, 2007 WL 2909410, at *1–2 (E.D. Mich. Oct. 5, 2007) (finding that a facilitation date several weeks before trial did not constitute "good cause" to adjourn).

Second, concerning Plaintiff's contention regarding the length of time the Court will need to consider Plaintiff's Motion to Exclude Defendant's Expert Witness, an order on this motion will be issued shortly, as briefing has already concluded. In regard to Defendant's newly pending motions to pursue an interlocutory appeal and strike Plaintiff's timely disclosed expert, the Court does not find that Defendant should be able to file additional motions to manufacture a reason to postpone the trial date. The motion regarding Defendant's request for an interlocutory appeal is discussed below.

Finally, that Defendant seeks more time to identify a rebuttal expert witness is of little consequence because the period in which to disclose rebuttal expert

witnesses already passed in October 2016. Defendant missed that deadline, just as it missed the deadline to disclose its expert witness report in September 2016.

In sum, the Court does not find Defendant has shown "good cause" under Local Rule 40.2 or Rule 16 to adjourn the trial date. Therefore, the Court **DENIES** Defendant's motion to adjourn the trial date.

### B. Motion for Certification to Pursue an Interlocutory Appeal

Defendant has also moved for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Dkt. No. 117.

A party seeking interlocutory appeal must demonstrate that "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *see also* 28 U.S.C. § 1292(b). Review under § 1292(b) is granted "sparingly and only in exceptional cases." *Id.* (citing *Kraus v. Bd. Of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)). "It is to be used only in exceptional cases where an immediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Kraus*, 364. F.2d at 922.

Defendant has not demonstrated that a substantial ground for difference of opinion exists regarding the correctness of the Court's prior decision. Defendant argues that a substantial ground for difference of opinion exists because part of the Court's order addressed the futility of its proposed counterclaims. *See* Dkt. No. 117, p. 9 (Pg. ID No. 3245). A substantial ground for difference of opinion exists where:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions;
> (2) the question is difficult and of first impression;
> (3) a difference of opinion exists within the controlling circuit; or
> (4) the circuits are split on the question."

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks and citations omitted). The questions presented before the Court during the motion to amend were not difficult, nor were they novel. Rather, the primary question was whether a delay of more than six months in bringing six new claims and adding a new counter-defendant constituted undue delay and unfair prejudice. Based on the specific facts in this case, the Court decided that answer in the affirmative, and then went on to find that the claims sought to be added were also futile. Futility was not the sole or primary reason that leave to amend was denied.

As the Court explained in its order denying reconsideration, "even if [Defendant's] claims were not barred by the applicable statute of limitations, leave to amend was properly denied based on [Defendant's] undue delay and the

substantial prejudice to [Plaintiff] and Wallace that would inevitably result from an amendment at this late stage in the litigation." Dkt. No. 112, p. 5 (Pg. ID No. 3010). Defendant's motion makes no effort to address the Court's findings of undue delay or substantial prejudice to Plaintiff from allowing six new claims and a new counter-defendant to be added shortly before trial, where Defendant knew of the potential claims since December 2015. Accordingly, because the Court had ample reason to deny the amendments based on undue delay and substantial prejudice to the opposing party, Defendant's arguments relying on the Court's finding of the futility do not demonstrate that "a substantial ground for difference of opinion exists regarding the correctness of the decision." *See In re City of Memphis*, 293 F.3d at 350.

Similarly, Defendant has not demonstrated that an interlocutory appeal would materially advance the litigation. Certification for an interlocutory appeal "has been deemed inappropriate when the parties have completed discovery, are ready for trial, and where the case could be tried before the interlocutory appeal process could take place." *Local 836 of United Auto. Aerospace & Agr. Implement Workers of Am. (UAW) v. Echlin, Inc.*, 670 F. Supp. 697, 708 (E.D. Mich. 1986) (citing *Kennard v. United Parcel Service, Inc.*, 531 F. Supp. 1139 (E.D. Mich. 1982)). Section 1292(b) "does not authorize piecemeal appeals." *Id*. Here, allowing an interlocutory appeal would prolong the litigation, as many months would be

required before the case would be ready for appellate argument, whereas it is currently scheduled for trial in the district court in less than three weeks.

Accordingly, the Court **DENIES** Defendant's motion for certification for an interlocutory appeal. The Court also **DENIES** Defendant's request for a stay.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion to Adjourn Trial [113] and **DENIES** Defendant's Motion to Certify Order Denying Leave to Amend for Interlocutory Appeal and for Stay of Proceedings [117].

IT IS SO ORDERED.

Dated:        November 22, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

-9-